# Burrus & Williams *v.* Dawson.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Equitable estate of wife; by what words created.*—A deed by which lands are conveyed to a trustee, "to be held by him as the separate estate of" a married woman, "with power to sell, mortgage, exchange, or otherwise dispose of the same, provided she, the said B., join with the said H." [trustee] in any sale, conveyance, exchange, or other disposition of said property, and by such joint action manifest her consent in writing to the disposal of the same,"—excludes the marital rights of the husband, and creates an equitable, as contradistinguished from a statutory estate, in the wife.

2. *Same; how aliened, or charged.*—Under the theory adopted by this court, in numerous decisions, as to the power of a married woman to alienate or charge

VOL. LXVI.

her equitable estate, when not restrained by the terms of the instrument creating it, she may mortgage it, jointly with her husband, as security for his or her own debt; and a power to sell, mortgage or convey, with her concurrence and consent in writing, given to the trustee by the instrument creating the estate, is not a prohibition or restraint of this power.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 17th April, 1877, by the appellants, a mercantile partnership doing business in Columbus, Georgia, against William Dawson and his wife, Barbara Dawson; and sought to foreclose a mortgage on a tract of land, with other property, executed by the defendants to the complainants. The mortgage, which was made an exhibit to the bill, was dated the 27th March, 1875; purported to be given to secure the payment of a promissory note for $223.50, of even date with the mortgage, due and payable on the 27th October, 1875; was signed by said Dawson and wife, and attested by two witnesses; and was recorded on the 2d April, 1875, but without probate or acknowledgment. The lands conveyed by the mortgage belonged to Mrs. Dawson, the legal title standing in one Hamlin L. Dudley, as trustee for her separate use, under a conveyance from one R. J. Moses, dated the 26th September, 1874, a copy of which was made an exhibit to the answer; and the defendants insisted that, as to the lands conveyed, the mortgage was void, because the trustee did not join in its execution, and because it was given to secure the individual debt of the husband. The material parts of the conveyance by Moses are copied in the opinion of the court. On final hearing, on pleadings and proof, the chancellor dismissed the bill, but without assigning any reason for his decree; and his decree is now assigned as error.

G. W. HOOPER, and J. M. RUSSELL, for appellants.

BRICKELL, C. J.—The bill is filed to foreclose a mortgage on lands, executed by husband and wife, to secure the payment of a debt evidenced by an instrument jointly executed by them. The questions presented are, whether the lands are to be taken as the statutory, or as the equitable separate estate of the wife; and if the latter, whether she is not, by the terms of the instrument creating the estate, limited and restrained to a special and particular mode of alienation, which has not been observed.

The title of the wife originates in a conveyance, executed by one Moses to "Hamlin L. Dudley, as trustee of Barbara Dawson," during her coverture. It expresses, in one place,

that "the said lands [are] to be held by the said Hamlin L. Dudley, trustee, as the separate estate of the said Barbara Dawson, with power to sell, mortgage, exchange, or otherwise dispose of the same, provided the said Barbara shall join with the said Hamlin, in any sale, conveyance, exchange, or other disposition of said property, and by such joint action, manifest her consent to the disposal of the same in writing." This is followed by a *habendum*, in these words : "To have and to hold the said bargained premises, unto him, the said Hamlin L. Dudley, trustee, his heirs and assigns, together with all and singular the rights, members, and appurtenances thereof, the same in any manner belonging, to his and her proper use, benefit and behoof, in fee simple."

There is but little difficulty, in view of the repeated decisions of this court, in ascertaining whether an instrument by its terms excludes the property rights of the husband as known at common law, and creates a trust for the separate use, or the equitable separate estate of the wife. No particular language, no technical form of expression, is necessary. The manifest intention to exclude the rights of the husband— to vest in the wife, or in a trustee holding for her use, the exclusive property and enjoyment—is sufficient, in whatever words expressed, or into whatever part of the instrument the words are introduced.—*Short v. Battle*, 52 Ala. 456 ; *Miller v. Voss*, 62 Ala. 122 ; 2 Brick. Dig. 81, §§ 164, 210. The words of this conveyance are clear and explicit, unequivocally limiting the estate to the separate use of the wife. Besides, a trustee is interposed, who holds the legal title, accompanied with a power to sell, mortgage, or exchange, with the written consent of the wife, which is inconsistent with, and repugnant to the statutory estate, of which the husband is trustee, and which can be aliened only by an instrument in writing, in which husband and wife must join. The estate of the wife must be taken as an equitable, not as a statutory estate.

It is settled, that the statutes limiting and defining the powers and capacity of the wife apply only to the estates which, by their terms, or by force of the constitution, are made separate estates, and have no application to estates which, independent of legislation, would have been separate by operation of the instrument or contract creating them. *Short v. Battle, supra ;* 2 Brick. Dig. 91, §§ 270–272. There is no more vexed question, embarrassed by distressing conflict of authority, than that which involves the power of a *femme covert* to charge or to dispose of her separate estate. Two different theories have been adopted, each supported by clear, cogent reasoning, and high authority. The one

asserts, that, as to such estate, she is in a court of equity to be deemed a *femme sole*, and, as such, she may charge or dispose of it in any proper mode, or by any legal contract, unless, by the terms of the instrument creating the estate, the power and capacity is excluded, or she is restrained and limited to some particular mode of contracting, or of alienation. The other is, that, as to such estate, she is to be deemed a *femme sole* only *sub modo;* her power of disposition, or her capacity to contract, being enlarged only to the extent of the power given by the instrument creating the estate, and according to the mode which may be therein prescribed.

The first of these theories was adopted by this court at an early day, following the authority of *Hulme v. Tenant* (1 Bro. C. C. 16), and *Jacques v. M. E. Church* (17 Johns. 548). Since, it may be said, our decisions have, with but little, if any variation, adhered strictly to the doctrine, that as respects her separate estate, in a court of equity, a *femme covert* is to be regarded as a *femme sole*, and may dispose of her property without the consent or concurrence of her trustee—that it is liable for, and subject to all debts, charges, incumbrances, or other engagements, which she expressly or by implication charges thereon.—2 Brick. Dig. 86, §§ 211–240. The *jus disponendi*, the incident and consequence of ownership, accruing to her notwithstanding her coverture, unless it is excluded, or restrained and limited, it has followed that she may, by her contract, or by a mortgage, charge or convey it in payment of, or as security for the debt of the husband.—*Bradford v. Greenway*, 17 Ala. 797; *McMillan v. Peacock*, 57 Ala. 127; *Demorest v. Wynkoof*, 3 Johns. Ch. 129. And, as a logical and legal consequence, it results, to borrow the language of Platt, J., in *Jacques v. M. E. Church, supra*, that "the specification of any particular mode of exercising her disposing power does not deprive her of any other mode of using that right, not expressly, or by necessary construction, negatived in the devise or deed of settlement." Wherever the theory of an equitable separate estate prevails, which has been here adopted, the doctrine seems to be, that although a particular mode of charge or disposition is indicated in the instrument by which property is settled or devised for the separate use of a married woman, she may still adopt any other mode, unless there are words limiting her to that which the instrument prescribes.—1 Lead. Eq. Cases, (4th Am. ed.) 748, top; *Seacraft v. Hadden*, 3 Green's Ch. 547–552; *Woodson v. Perkins*, 5 Gratt. 346; *Kimer v. Weifert*, 46 Mo. 532.

This conveyance is not framed with the view of excluding, or of limiting or restraining, the power and capacity of the

[Lewis v. Lee County.]

wife to contract, or to dispose of the estate. The purpose was to confer on the trustee a power he would not otherwise have possessed—a power he could exercise only by the consent of the wife, expressed in writing. Her consent in writing alone calls the power into exercise, and gives validity to its exercise. The concurrence of the husband is not essential, nor is it to be manifested by joining in the conveyance. By the conveyance of the trustee, to which the wife in writing consents, the estate may be alienated. This power of the trustee is different, distinct, and distinguishable from the *jus disponendi* of the wife, the incident of ownership, and which is not qualified, limited, or restrained. If, as in this case, there is an alienation of the estate by an absolute or conditional conveyance, the joining of the husband in the conveyance is indispensable.—*Waddell v. Weaver*, 42 Ala. 293 ; *Woodson v. Perkins, supra*. We are, consequently, of opinion, the mortgage is a valid and operative security, and should have been foreclosed. It would be proper, however, that an amendment of the bill should be made, introducing Dudley, the trustee, as a party defendant.

Reversed and remanded.