# Stevenson v. Anderson.

*Bill in Equity for Partition and Account.*

1. *Parties to bill; heirs and administrator.*—To a bill filed by the heirs at law of a deceased non-resident, against the surviving tenant in common, seeking a partition of lands and an account, and alleging that the decedent left no debts, and that no administration has been granted on his estate, a personal representative of his estate is not a necessary party.

2. *Absence, or non-residence, as exception to statute of limitations.*—In computing the bar of the statute of limitations, the period of the defendant's absence from the State, and not of his non-residence, is to be deducted (Code, § 2622); yet, where the bill alleges that the defendant was a non-resident of Alabama, and resided in Tennessee, when the cause of action accrued, and ever since, this is sufficient, on demurrer, to avoid the bar.

3. *Statute of limitations in favor of purchaser, as against tenant in common of vendor.*—The statute of limitations is not a bar, as against one tenant in common, in favor of a purchaser from the other, unless ten years have elapsed since his purchase, or unless he can claim the benefit of adverse possession by his vendor.

4. *Adverse possession, between tenants in common.*—Actual possession, such as the land reasonably admits of, is an essential element of adverse possession; an entry by two tenants in common, surveying and laying the land out in lots, without more, does not constitute such actual possession; and a sale and conveyance of one or more of the lots by one of them, after the lapse of ten years, does not, as against the other, establish an adverse possession of the other portions of the land.

5. *Stale demands.*—As between tenants in common, a bill for partition is not a stale demand so long as a right of entry is not barred.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS

The bill in this case was filed on the 19th September, 1887, by V. K. Stevenson and others, as heirs at law of V. K. Stevenson, deceased, against John F. Anderson, Isaac Hames, and others; and sought a partition of certain lands

between complainants and said Anderson, and an account of the purchase-money received by Anderson on the sale of lots, or parcels of the land, more than ten years before the. bill was filed. The tract of land, now the site of the town of Stevenson in said county, was sold and conveyed to said Stevenson and Anderson, in 1852, or 1853, by one John A. Price; and they had it surveyed and laid out in lots, some of which they sold at public auction, and others at private sale. Afterwards, as the bill alleged, Anderson sold and conveyed several of the lots; a sale to J. F. Martin being made in December, 1867, and another to Isaac Hames on the 16th November, 1885; and it was alleged that each of the purchasers was put in possession. A demurrer to the bill was filed by Anderson, on the ground that the personal representative of V. K. Stevenson, deceased, was a necessary party; and on the further grounds, that the demand was stale, and was, on the averments of the bill, barred by the statute of limitations; and his demurrer was adopted by Hames. The chancellor sustained the demurrer on these grounds, and his decree is here assigned as error.

WM. L. MARTIN, for appellants.—(1.) The personal representative of V. K. Stevenson was not a necessary party to the bill.—*Wright v. Lang,* 66 Ala. 389; *Alexander v. Caldwell,* 70 Ala. 212; *Sullivan v. Lawler,* 72 Ala. 68; *Glover v. Hill,* 85 Ala. 41; *Marshall v. Marshall,* 86 Ala. 383. (2.) Under the allegations of the bill, there was no adverse possession by Anderson, and no relief was sought against purchasers who had been in possession for ten years. Neither the statute of limitations, nor staleness of demand, was a bar to the relief sought.—Freeman on Co-tenancy & Partition, §§ 221-228, 197; *Lipscomb v. McClellan,* 72 Ala. 151; *Walker v. Crawford,* 70 Ala. 567; *Carpentier v. Webster,* 27 Cal. 549; *State Bank v. Seawell,* 18 Ala. 616; *Wright v. Strauss,* 73 Ala. 227.

J. E. BROWN, and R. C. HUNT, *contra,* cited *Warfield v. Lindell,* 38 Mo. 561; s. c., 30 Mo. 273; *Marcus Unger v. Mooney,* 63 Cal. 586; *Scruggs v. Decatur M. & L. Co.,* 86 Ala. 173; *State Bank v. Seawell,* 18 Ala. 616.

McCLELLAN, J.—The bill in this cause was filed by the heirs at law of Vernon K. Stevenson, Sr., for partition of certain lands between them and J. F. Anderson and certain

[Stevenson v. Anderson.]

other persons, who had within ten years purchased parts of
the common property from said Anderson, and for an account
with said Anderson for the purchase-money of certain other
parts of the land sold by him, more than ten years before
the bill was filed. The bill alleged that Stevenson and Ander-
son, about the year 1852, purchased the tract of land in
question from one Price, each paying an equal part of the
purchase-money, and went into possession thereof as tenants
in common; that soon afterwards they laid the land, or a
portion of it, out in town lots, and sold a number of the lots
jointly; that beginning in December, 1867, less than twenty
years before this suit was instituted, and continuing down
to the year 1885, Anderson sold a number of the remaining
lots and parts of said tract, received the purchase-money
therefor, without accounting to his co-tenant, and executed
to the several purchasers conveyances purporting to convey
the entire interest and title therein, and that said purchasers
went into possession, claiming under these conveyances, and
are now so claiming and holding. It is shown that V. K.
Stevenson died in 1884, leaving no debts in Alabama or
elsewhere, and that there has been no administration on his
estate in this State. It is further alleged, that said Ander-
son was, at the time of the original purchase from Price,
has even since been, and is now a non-resident of the State
of Alabama. It does not appear from the bill that there
has ever been any actual possession of the land (unless the
surveying and plotting it in 1852 or 1853 by Anderson and
Stevenson was such possession), except by the vendees of
Anderson and Stevenson, under the sales made by them
jointly in 1852 or 1853, and by the vendees of Anderson
under the sales made by him in 1867 and subsequently.

To the case made by the bill, and under its allegations
that V. K. Stevenson owed no debts at his death in 1884,
and there had been no administration in Alabama on his
estate, the heirs alone of the deceased co-tenant were neces-
sary parties complainant, and the demurrer of respondent
Anderson, on the ground that the administrator of the estate
of their ancestor should have been made a party, was im-
properly sustained.—*Glover* v. *Hill*, 85 Ala. 41; *Marshall*
v. *Marshall*, 86 Ala. 383.

It is quite true, that to bring a case within the exception
to the statute of limitations provided for by section 2622 of
the Code, absence from the State, and not mere non-residence,
must be shown.—*Huss* v. *Centr. R. R. & Bank. Co.*, 66 Ala.

476.   But, in this case, the position taken by the demurrant, in seeking to have the action adjudged to be barred by the statute of limitations, is necessarily, that it appears by the averments of the bill that the cause of action has passed under the bar of the statute.   The averments on this point are, that the defendant Anderson was, at the time the cause of action accrued, and ever since has been, a non-resident of this State, and then resided, and ever since has resided, and now resides in the State of Tennessee.   On these averments, the *prima facie* presumption of law is, that he has been all the time present at his place of domicil, and, of consequence, absent from the State of Alabama.   On the face of the bill, therefore, it is not shown that the bar of the statute of limitations of either six or ten years has been perfected, or, indeed, that the statute has begun to run at all in favor of Anderson; and his demurrers which affirm that these facts do appear of the bill, were not well taken.—*State Bank v. Seawell*, 18 Ala. 616; *Wright v. Strauss;* 73 Ala. 227.

The right of action against Anderson not being cut off by the lapse of time, it follows that purchasers from him can not claim immunity from suit under the statute, unless it appears that, disconnected with him, a sufficient time has run since the cause of action accrued against them to perfect the bar.   The respondent Hames purchased in 1885.   Complainant had no right to sue him until that purchase and entry by him under it.   Manifestly, therefore, the action of the chancellor in sustaining his demurrer, predicated on the ground that the statute of limitations of ten years had run in his favor, was erroneous.

It remains to be considered whether the bill discloses that the defendant Anderson had had adverse possession of the land sought to be partitioned, for ten years before the institution of the suit.   One essential element of the possession, which the lapse of the statutory period will ripen into title, is that it must be *actual*.   "Actual possession is the same as *pedis possessio*, or *pedis positio;* and these mean a foot-hold on the land, an actual entry, a possession in fact, a standing upon it, as a real demonstrative act done.   It is the contrary of a possession in law, which follows in the wake of title, and is called constructive possession."—*Churchhill v. Onderdonk*, 59 N. Y. 134.   The possession which a lapse of the statutory period will ripen into title, must consist of such corporal presence and physical control as the land reasonably admits of, as well as a present power and right of

dominion over it; and is usually evidenced by occupation and such use as is appropriate to the locality and quality of the property.—*Minturn v. Burr*, 16 Cal. 107; *Coryell v. Cain, Ib.* 567; *Staininger v. Andrews*, 4 Nev. 59; *Fleming v. Maddox*, 30 Iowa, 240.

Does the bill disclose actual possession of the land sought to be partitioned, in Anderson, within the meaning of these definitions? We think not. It is shown, indeed, that he and Stevenson went upon the land, and laid it out into town lots in 1852 or 1853, but this possession in Anderson manifestly was not adverse to Stevenson. It may be, that Anderson subsequently had a like possession in the absence of Stevenson; but this, without more, would not be in hostility to his co-tenant; and if this were otherwise, such holding would not be of a character which, by continuance for ten years, would vest title in him. The possession of land merely for the purpose of surveying and laying it out into lots, even when accompanied by the payment of taxes and the execution of a conveyance of it, is not actual possession, in the sense necessary when adverse holding is relied on to defeat an action.—*Simpson v. Creswell*, 18 Fla. 29. And it does not appear by the bill that Anderson was in the possession involved in mapping the land, so to speak, except in conjunction with Stevenson. It is true, that the bill alleges that Anderson, assuming to be the sole owner, sold and conveyed sundry lots, or distinct part of the lands, and that his vendees went into actual possession under such sales. But it is not sought to partition this part of the land, except where the sales have been made within ten years. That there may be an ouster as to, and an adverse holding of a part of the common premises, without affecting the *status*, as between the co-tenants, of the remainder, is well settled.—Freeman Cot. & Part., § 228; *Carpentier v. Webster*, 27 Cal. 449. That the several vendees of Anderson took and held possession, certainly to no greater extent than the descriptions in their respective deeds, is equally free from doubt.—*Prescott v. Nevers*, 4 Mason, C. C. 330.

It may be admitted, for all the purposes of this case, that the actual possession of a part of a tract of land will be construed to be the actual possession of the whole of it, where the same right of possession, or color of such right, pertains alike to the entire tract. That is not the case here. The vendees of Anderson and Stevenson, and of Anderson assuming to convey without Stevenson, severally

hold certain distinct lots. Their possession, aside from being limited to the respective lots, is wholly disconnected from Anderson, and from his relations to the remainder of the land. It does not appear from the bill that Anderson ever had actual possession of the land, or any part of it. The bill, therefore, does not disclose that he had had ten years adverse possession, and his demurrer on that ground should have been overruled.—*Lipscomb v. McClellan,* 72 Ala. 151; *Black v. Pratt C. & C. Co.,* 85 Ala. 504.

The bill showing no adverse possession in Anderson, no actual holding by him in hostility to Stevenson, his constructive possession is also the possession of his co-tenant, and it is not conceivable that the latter's demand asserted in this cause, to have a partition of the common property, could ever become stale so long as the joint possession continued. As we understand the averments of the bill, it is not sought to partition any of the lands held by the vendees of Anderson, where their possession has continued for ten years. We do not think that a demand for partition becomes stale within the time necessary to bar the right of entry.

The decree of the chancellor must be reversed, and a decree here rendered overruling the demurrers of Anderson and Hames, which were sustained by the court below.

