[Holley v. Coffee.]

# Holley *v.* Coffee.

*Action upon a Promissory Note.*

123 406
125 317
123 406
126 622
123 406
129 204
123 406
135 476
123 406
136 118
137 132
123 406
138 201
123 406
141 414
142 338
123 406
143 264

1. *Judgment upon demurrers; when not reviewed on appeal.* Though the record in a case on appeal contains a judgment overruling a demurrer, the action of the trial court thereon can not be reviewed by the appellate court when the demurrer does not appear in the transcript.

2. *Rulings upon motion to strike pleas; not reviewed on appeal when not shown by the bill of exceptions.*—The rulings of the trial court on motions to strike pleas and replications will not be reviewed on appeal, when the motions and the rulings thereon are not shown in the bill of exceptions.

3. *Statute of limitations; rule as to non-resident.*—A non-resident, who has not been present in this State since the cause of action sued on accrued, for the period, or several periods aggregating the statutory period, within which a suit should have been brought against one who had all along been in the State, is a person within the saving influence of the statute (Code, § 2805), who "has been absent from the State during the period within which a suit might have been brought against him" had he been here, and the time of his absence "must not be computed as a portion of the time necessary to create a bar" under the statute of limitations.

4. *Evidence; tables of rates of interest printed in acts of General Assembly admissible in evidence.*—The table of rates of interest in other States, printed in the pamphlet acts of the General Assembly, (Code, § 1823), is admissible in evidence, as presumptive evidence of such interest.

5. *Same; when testimony as to third party agreeing to pay defendant's debt admissible in evidence.*—In an action upon a promissory note, where the cause was tried upon issue joined upon pleadings setting up the statute of limitations, testimony as to the plaintiff having agreed to look to a third party for the payment of the note sued on and as having released the defendant, is irrelevant to any of the issues presented, and inadmissible in evidence.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. J. W. FOSTER.

This action was brought on May 15, 1897, by the appellee, M. J. Coffee, against the appellant, C. H. Holley; and counted upon three promissory notes, given by the defendant to the plaintiff on April 30, 1881; and made

payable sixty days, 4 months, and 6 months after date, respectively. The complaint, after counting upon said notes, contained the following averments: "And plaintiff avers that each and all of said three notes last declared on were made and executed in the State of Texas, and were made payable and were payable in the State of Texas; that at the time said notes were made, and at the time said notes became and were due and payable, the defendant, C. H. Holley, was in the State of Texas, and at the time said notes were executed said C. H. Holley resided in the State of Texas; that after said notes matured and became and were payable, the defendant, on, to-wit, February —, 1882, left the State of Texas and has been absent from the State of Texas since February —, 1882, and has been in and resided in the State of Florida, since, to-wit, February —, 1882." There is a recital in the judgment entry that the defendant's demurrer to the complaint was overruled, but said demurrer does not appear in the transcript.

The defendant filed four pleas. He was allowed to withdraw plea No. 2. The other pleas were as follows: 1. "The defendant for answer to the complaint, saith that the notes declared upon in this action are each barred by the statute of limitations of six years."

3. "For further plea this defendant saith that the notes declared upon in this action matured on the respective dates alleged in the complaint, to-wit, in the year 1881, and this defendant avers that more than 15 years have elapsed since the maturity of each of said notes, and that the same are conclusively presumed by law to have been paid."

4. "For further plea the defendant saith that the notes declared upon in this action have been paid in this, that the said notes each matured in the year 1881, at divers dates, and that the payee of said notes, the plaintiff herein, made no demand on this defendant for the payment thereof for more than 12 years after their maturity as aforesaid."

The plaintiff moved the court to strike the 3d and 4th pleas from the file, on the grounds that said pleas were no answer to the complaint; that they raised an immaterial issue, and that they show on their faces that the

[Holley v. Coffee.]

demand sued on has not been paid. This motion was sustained. The plaintiff demurred to the defendant's first plea, upon the following grounds: 1. Said plea is no answer to the complaint. 2. It shows that the notes declared on were not barred by the statute of limitations of six years, because the notes declared on in the complaint are shown therein to have been executed in the State of Texas, and that the obligation incurred thereby was to be performed in that State; that the defendant moved to the State of Florida, and has been absent from the State of Alabama since the maturity of said notes. 3. Said plea does not show that the defendant has been in the State of Alabama for a period of six years, so that he could be sued. The plaintiff moved to strike said plea number 1 from the file upon the same grounds. This demurrer and motion were each overruled. Thereupon the plaintiff filed the following replications to the defendant's plea number 1: "1st. He joins issue on said plea. 2d. That since said notes were executed the defendant has not been in the State of Alabama for a period aggregating six years. 3d. That the three notes declared on in the original and amended complaint were executed by the defendant in the State of Texas and were made payable and were to be paid in the State of Texas, and that since the execution of said notes the defendant has been absent from the State of Alabama for a period aggregating more than twelve years." The defendant then made a motion to strike said replications from the file, because the same were inconsistent and repugnant, in that the plaintiff undertakes to join issue on the plea that it professes to answer, and at the same time undertakes to set up facts by way of avoidance of said plea. This motion was overruled, and thereupon the defendant demurred to the 2d replication upon the following grounds: 1st. Said replication fails to allege that the notes sued on were not executed in the State of Alabama. 2d. It fails to aver that at the time of the execution of said note whether the defendant was a resident or non-resident of the State of Alabama. 3d. It fails to allege that the defendant was absent from the State during the period within which an action might have been

brought against him, on the note sued on.   4th. It fails to show that the defendant came into the State after the alleged cause of action declared on had accrued.   5th. It fails to show that the defendant has ever been a resident of the State of Alabama.

To the 3d replication the defendant demurred upon the following grounds: 1st.  said replication fails to set up any matter of confession and avoidance of said plea number 1.   2d. It fails to show that the defendant was absent from the State of Alabama during the period after the execution of said notes within which the suits might have been brought thereon.   3d. It affirmatively appears that the notes sued on were executed out of the State of Alabama, and that the defendant was at the time a resident of the State of Texas.   4th. It fails to show that the defendant came into the State of Alabama after the alleged cause of action declared on had accrued.   Each of these demurrers to the 2d and 3d replications, respectively, were overruled and issue was joined on the pleadings.

The motions to strike the pleas and replications from the file and the rulings on said motion appear only in the record and are not shown in the bill of exceptions.

On the trial of the cause, the plaintiff introduced in evidence the notes sued on, which corresponded with the notes described in the complaint.   It was shown by the evidence that at the time of the execution of said notes, the defendant was a resident of the State of Texas, where the notes were executed, and remained a resident of said State until some time in the year 1882; that he then moved to the State of Florida, and has been a resident of that State ever since.   The plaintiff testified that the note sued on had never been paid.

The plaintiff introduced in evidence the Acts of the State of Alabama for the years 1880-1881 and 1878-1879, showing the rate of interest in the State of Texas as it appears in the table set out in each of said acts.  The defendant objected to the introduction in evidence of each of said acts and the tables therein referred to, and that portion of said tables purporting to show the rate of interest in the State of Texas, upon the ground that same was not properly authenticated, and that said evidence

[Holley v. Coffee.]

was illegal, irrelevant and inadmissible. The court over-ruled the defendant's objection, and the defendant duly excepted.

The defendant as a witness in his own behalf testified that in the year 1881, he was in partnership with one Collins in the State of Texas; that during the latter part of said year, he sold out his interest in said business to said Collins; that at the time of said sale the plaintiff was present; that as a part of the contract between the witness and said Collins and as part payment for the interest of said Holley, Collins assumed and agreed to pay to Coffee, the plaintiff, the notes here sued on, and that Coffee agreed to this arrangement and released Holley from liability on said note. The plaintiff objected to that portion of the witness' testimony to the effect that the plaintiff agreed to look to Collins for payment of said note and released defendant from liability thereon, on the ground that it was immaterial and incompetent, and not responsive to any of the issues in said case. The court sustained the plaintiff's objection to this ruling, and the defendant duly excepted. At this juncture of the trial the defendant, with plaintiff's consent, expressed in open court, was allowed to file a plea of accord and satisfaction. After the filing of this plea the court allowed the plaintiff to testify to the facts as stated above, which were previously excluded on plaintiff's objection.

The court, at the request of the plaintiff, gave to the jury several written charges, but under the opinion on this appeal, it is unnecessary to set out these charges in detail.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

B. H. LEWIS and C. H. LANEY, for appellant.—The replication of plaintiff was a complete departure from the allegations of the complaint, which is not allowable as to any matter necessary to a recovery.—*Winter v. Bank,* 54 Ala. 172; *Morris v. Beebe,* 54 Ala. 300; Code,

1896, § 3301 and authorities. A replication must either traverse or confess and avoid the matter pleaded, or present matter of estoppel.

The court manifestly erred in admitting the acts of the legislature of 1880, page 538, and the Acts of 1878-79, and the interest tables therein referred to, upon the several grounds stated in defendant's objections. This court has held that where damages are sought to be recovered on a demand arising out of the State, and the rate of those damages is fixed by the legislature, "the statute of the State would be the best evidence."—*Crawford v. Clute,* 7 Ala. 157.

P. N. HICKMAN and D. M. POWELL, *contra.*—The appellate court can not consider the rulings of the trial court upon the motions to strike the pleas and replications. Neither these motions nor the rulings thereon are shown by the bill of exceptions as is required.—*Bright v. State,* 76 Ala. 96.

The claim sued on in this case was not barred by the statute of limitations. The plaintiff's replication was a complete answer to the plea setting up the statute of limitations.—Code of 1896, § 2805; *Stevenson v. Anderson,* 87 Ala. 228; *Wright v. Preston,* 55 Ala. 570; *Huss v. Cen. R. R. & B. Co.,* 66 Ala. 473; *State Bank v. Seawell,* 18 Ala. 616; *Wright v. Strauss & Co.,* 73 Ala. 233; *Jones v. Jones,* 18 Ala. 233; *Minniece v. Jeter,* 65 Ala. 222.

The table of the rates of interest of other States, as found in the pamphlet acts of the General Assembly were properly admitted in evidence.—*Camp v. Randle,* 81 Ala. 240.

McCLELLAN, C. J.—There is a judgment in the record overruling a demurrer to the complaint, but the demurrer does not appear in the transcript. We cannot review the action of the court in overruling it.

Plaintiff's motion to strike pleas 3 and 4 and defendant's motion to strike plaintiff's replication to plea 1 do not appear by the bill of exceptions, nor are the rulings of the court thereon shown in the bill of exceptions. They cannot, therefore, be reviewed.

The replications, however, were good, and both the

motion to strike, and the demurrer interposed after the motion to strike had been denied, were properly over-ruled. A *non-resident* who has not been present in this State since the cause of action accrued for the period, or several periods aggregating the statutory period, within which a suit must be brought against one who has all along been in the State is within the saving influence of section 2805 of the Code: He is a person who has been "absent from the State during the period within which a suit might have been brought against him," had he been here, and the time of his absence "must not be computed as a portion of the time necessary to create a bar." *State Bank v. Seawell,* 18 Ala. 616; *Wright v. Strauss & Co.,* 73 Ala. 227; *Stevenson v. Anderson,* 87 Ala. 228.

Of course, if this defendant had remained in Texas, where the contract sued on was made, until the statute of limitations of that State had barred the cause of action, he could have pleaded that statute in bar of this action. But it appears that he did not remain there, and he did not plead the statute of that State. He could not plead the statute of Florida, where he has continuously resided since he left Texas, because the contract was not made in that State.—Code, § 2808. Had he been sued in Florida, he could, of course, have pleaded the statute of that State, but no other under the facts shown. Being sued here, he is confined to the statute of this State, and that he has pleaded. But the replication, assuming its truth, emasculates that plea. The notes sued on were executed on April 30, 1881, and payable respectively sixty days, four months and six months after date. This suit was brought on April 15, 1896. To the plea of the statute of limitations of six years, the plaintiff replied (1) that since the execution of said notes the defendant has not been in the State of Alabama for a period aggregating six years, and (2) that the notes declared on were executed by defendant in Texas and were there payable, and that since the execution of said notes the defendant has been absent from the State of Alabama for a period aggregating more than twelve years. Each of these replications, when reference is had to the averments of the complaint as to the date of execution of

the notes, shows that the defendant has not since the cause of action accrued been in this State either continuously or at different aggregated periods sufficiently long for the bar of our statute to be perfected; and on the principle announced above they were not open to any of the objections taken by the demurrer.

There was no error in admitting in evidence the table of rates of interest in other States printed in the pamphlet acts of the General Assembly.—Code, § 1823, and case there cited.

There was no error in excluding the proposed testimony of Holley as to plaintiff having agreed to look to Collins for this debt, and released him, etc. This evidence was not pertinent to any issue in the case when it was first offered. After a plea had been interposed under which it was pertinent, the court allowed it to go to the jury.

Affirmed.