# Vary *v.* Sensabaugh, *et al.*

## *Ejectment.*

(Decided June 30, 1908.	Rehearing denied July 3, 1908.
47 South. 196.)

1. *Vendor and Purchaser; Bonafide Purchaser; Notice; Possession.* Smith owned a certain lot of land which he deeded to Sensabaugh in 1903, and which deed was recorded; Smith having been declared bankrupt his trustee in bankruptcy in the year 1905, sold the lot as such trustee and Vary became the purchaser. In 1898, Smith sold the lot to Brown, but the purchase money was never fully paid, and in 1902, after Smith's discharge in bankruptcy Brown re-delivered the deed made by Smith to him and put Smith in possession. Smith's deed to Brown was never recorded. Held, that under sections 1005 and 1007, Code 1896, the deed from Smith to Brown as to Vary, and evidence thereof was not admissible, although Brown went into possession, since Brown did not reconvey to Smith and Sensabaugh did not hold under Brown, and their possession could not operate as notice to Vary of the unrecorded conveyance from Smith to Brown; especially since there was nothing to show that Sensabaugh relied upon any title held by Brown when Sensabaugh purchased from Smith; and as the legal title was in Smith, Sensabaugh was charged with the notice of the bankrupt record proceedings against Smith and was not an innocent purchaser.

2. *Adverse Possession; Title Acquired; Judicial Sale.*—The rule that one cannot recover on title acquired while the property is adversely held by another does not apply where the property is purchased at judicial sale, and hence, proof of Sensabaugh's possession was not admissible to show that Vary's deed was inoperative because the lot was held adversely at the time.

3. *Appeal and Error; Rendering Judgment on Appeal.*—Where the record on appeal contains facts authorizing the final judgment to be rendered here, and the judgment of the lower court must be reversed this court will here render such judgment as should have been rendered in the lower court.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Ejectment by John Vary against A. A. Sensabaugh and another. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

It was agreed that the following were some of the facts in the cause: That the Elyton Land Company conveyed by deed of June 22, 1891, to Theodore Smith

the land therein, which deed was recorded; that on the 11th day of December, 1902, Theodore Smith filed his petition in bankruptcy, and on the 21st day of January, 1903, he was declared a bankrupt and given a discharge; that on September 18, 1903, Theodore Smith and wife deeded lot 23 in block 8 to A. A. Sensabaugh and wife; that on February 13, 1905, John H. Wallace, trustee in bankruptcy, sold under decree, as trustee for the estate of Theodore Smith, bankrupt, lot 23 in block 8, and John Vary became the purchaser thereof. Witness Smith testified that in 1898 he conveyed to Charles Brown lot 23 in block 8, and put Brown in possession of the premises, and delivered him a deed. This deed was never recorded. The consideration of this deed was $75, $20 of which was paid. Smith further testified that in 1902, after his discharge in bankruptcy, Brown came to him, and delivered the deed to him which he had made to Brown, and put him in possession of the property, but Brown did not make him a deed.

CHARLES E. ELDER, for appellant. Appellant was entitled to a judgment in the lower court because an innocent purchaser for value without notice of the unrecorded deed in plaintiff's chain of title.—Section 1005 and 1007, Code 1896; *Tenn. C. C. I. & R. R. Co. v. Gardner,* 131 Ala. 599. Plaintiff was bound by his abstract of title furnished on demand.—Sec. 1531, Code 1896; *L. & N. R. R. Co. v. Massey,* 33 South. 896. The rule against the right of recovery on a title acquired while the property is held adversely does not apply when the title is acquired at a judicial sale.—*Sibley v. Alba,* 95 Ala. 191; *Humes v. Bernstein,* 72 Ala. 546. The possession of Brown is not sufficient to constitute constructive notice since plaintiff did not hold under Brown.—*Wells v. Am. Mtg. Co.,* 109 Ala. 430.

[Vary v. Sansabaugh, et al.]

JOHN T. GLOVER, for appellee. Possession is constructive notice and knowledge of any fact which ought to elicit inquiry is equivalent to actual notice.—*Tutwiler v. Montgomery*, 73 Ala. 263; *King v. Paulk*, 85 Ala. 186; *Griffin v. Hall*, 129 Ala. 291. It is competent to show that at the time of the sale by the trustee Sensabaugh was in adverse possession of the land.—*Mayham v. Smith*, 44 South. 375; *Posey v. Gamble*, 41 South. 416; *City Loan Co. v. Poole*, 43 South. 13.

ANDERSON, J.—Both sides claim title under Theodore Smith; the plaintiff claiming under a deed pursuant to a judicial sale, and the defendants under a deed direct from said Smith. The defendants were permitted, over the objection of the plaintiff, to prove a deed from Smith to Brown, which said deed was never recorded; nor was there any proof of Brown's possession when the plaintiff bought the land or when the marshal was ordered to sell same. Sensabaugh, who was holding under Smith, and not Brown, was in possession. Therefore the deed from Smith to Brown was void as to this plaintiff, under sections 1005 and 1007 of the Code of 1896, and should have been excluded by the trial court. There was proof that Brown went into possession, but it was surrendered back to Smith before the purchase of either of the parties to this suit, and, as Brown did not reconvey to Smith, the defendants do not hold under Brown, and their possession cannot operate as notice of the unrecorded conveyance to Brown. The case should therefore be considered with said deed eliminated. The defendants cannot be innocent purchasers from Smith, as the legal title to the lot was in him, and they are charged with notice of his bankruptcy and the proceedings connected therewith, and there is nothing to show that Sensabaugh relied on any title held by Brown in purchasing the property from Smith.

Sensabaugh not holding under Brown, his possession was not such as to put plaintiff on notice of the deed from Smith to Brown; nor was proof of his said possession admissible to show that the deed from Wallace, trustee, to the plaintiff, was inoperative, because the property was at the time adversely held. The rule against recovery on a title acquired while the property was held adversely does not apply when the property was purchased at a judicial sale.—*Sibley v. Alba*, 95 Ala. 199, 10 South. 831; *Humes v. Bernstein*, 72 Ala. 546. This case having been tried by the court without a jury, and the conclusion being properly presented to us for review, and the plaintiff's evidence showing in him the title to the property, the judgment of the city court is reversed, and one is here rendered for the plaintiff for the lot in question.

Reversed and rendered.

Tyson, C. J., and Simpson and McClellan, JJ., concur.